UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00219-JRS-MG |
| | ) | |
| VANIHAL Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Michael Lane is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash"). Dkt. 1. He has filed this action alleging he is being housed in segregation without due process. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

A plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Lane names the following defendants: 1) Warden Vanihal; 2) Classification Supervisor Leohr; 3) Unit Team Manager J. Meeks; and 4) Caseworker A. Moseley. Dkt. 1 at 1-2. For relief, he seeks money damages. *Id.* at 5.

Mr. Lane alleges that he was wrongfully housed in segregation within the Secure Confinement Unit at Wabash without due process and without the proper administrative procedures. He further states that he received no meaningful reviews or responses to his requests for status.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

Mr. Lane contends that his due process rights were violated when he was housed in segregation. The Constitution, however, does not create a due process liberty interest in remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Inmates are entitled to due process protections only when transferred to more restrictive conditions which pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfers to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d

602, 608-09 (7th Cir. 2005). Any due process claim based on Mr. Lane's initial transfer to segregation is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Lane further alleges that his due process rights were violated when he was denied meaningful periodic reviews while in segregation. Mr. Lane denotes that he was housed in segregation for fourteen months. "Whether a liberty interest is implicated by disciplinary segregation depends on both the time and conditions of confinement. . . . " *Beamon v. Pollard*, 711 F. App'x 794, 795–96 (7th Cir. 2018) (affirming summary judgment in favor of defendants and concluding that 135 days in segregation—absent any atypical conditions related to confinement—does not violate the Fourteenth Amendment); *see also Hardaway v. Meyerhoff*, 734 F.3d 740, 745 (7th Cir. 2013) (no liberty interest in avoiding 182 days' segregation). "It is well-established that prisoners have a protected liberty interest in avoiding segregated confinement when it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Felton v. Brown,* 129 F.4th 999, 1007 (7th Cir. 2025) (internal quotations omitted).

Mr. Lane's due process claims related to lack of meaningful periodic reviews for damages against Warden Vanihal; Classification Supervisor Leohr; Unit Team Manager J. Meeks; and Caseworker A. Moseley **SHALL PROCEED**.

### IV. Conclusion and Issuance of Process

The action **will proceed** with due process claims for damages against Warden Vanihal; Classification Supervisor Leohr; Unit Team Manager J. Meeks; and Caseworker A. Moseley pursuant to 42 U.S.C. § 1983.

The discussion of claims in Part III includes every claim the Court identified in the complaint. If Mr. Lane believes he asserted additional claims that the Court failed to address, he must file a motion to reconsider this order **no later than November 18, 2025**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The **clerk is directed** to serve Warden Vanihal; Classification Supervisor Leohr; Unit Team Manager J. Meeks; and Caseworker A. Moseley, employees of the Indiana Department of Correction, electronically.

**IT IS SO ORDERED.**

Date:  10/23/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL LANE
234320
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic Service to IDOC Employees:
    Warden Vanihal;
    Classification Supervisor Leohr;
    Unit Team Manager J. Meeks;
    Caseworker A. Moseley

(All at Wabash Valley Correctional Facility)